IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PERRY CAPITAL LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>            Defendant. | No. 18-1226C<br>(Chief Judge Sweeney) |

## JOINT MOTION FOR A STAY OF PROCEEDINGS

The parties respectfully request that the Court stay all proceedings in the above-captioned case until the Court has resolved the Government's pending omnibus motion to dismiss the complaints in *Fairholme Funds, Inc. v. United States*, No. 13-465C, and the eleven other cases that have been coordinated with *Fairholme* for briefing.[1]  The Court has granted the same relief in four related cases: *683 Capital Partners, LP, et al. v. United States*, No. 18-711C, *Patt, et al. v. United States*, No. 18-712C, *Wazee Street Opportunities Fund IV LP, et al. v. United States*, No. 18-1124C, and *Highlands Capital I LP v. United States*, No. 18-1150C.  The Government's omnibus motion addresses takings, illegal exaction, breach of fiduciary duty, and breach of contract claims similar to those brought by Perry Capital LLC ("Perry Capital") in this case.

---

[1] The Government has filed an omnibus motion to dismiss complaints in the following twelve cases:  *Fairholme Funds, Inc. v. United States*, No. 13-465C; *Arrowood Indemnity Co. v. United States*, No. 13-698C; *Cacciapelle, et al. v. United States*, Nos. 13-466C, 13-496C, 13-542C, 18-1124C; *Fisher, et al. v. United States*, Nos. 13-608C, 13-672C; *Washington Federal v. United States*, No. 13-385C; *Reid v. United States*, No. 14-152C; *Rafter v. United States*, No. 14-740C; *Owl Creek Asia I, L.P., et al. v. United States*, No. 18-281C; *Akanthos Opportunity Master Fund, L.P. v. United States*, No. 18-369C; *Appaloosa Investment Limited Partnership I, et al. v. United States*, No. 18-370C; *CSS, LLC v. United States*, No. 18-371C; and *Mason Capital L.P., et al. v. United States*, No. 18-529C.

## BACKGROUND

Since June 2013, 19 actions filed in this Court assert claims arising from an August 17, 2012 amendment (the "Third Amendment") to Preferred Stock Purchase Agreements between the Department of the Treasury and two Government-sponsored enterprises, the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac). Each of the complaints include allegations that the Third Amendment effected a Fifth Amendment taking of property and an illegal exaction, and many of the complaints allege the amendment resulted in a breach of contract or fiduciary duty. On January 12, 2018, the Court issued an order setting a schedule for briefing an omnibus motion to dismiss seven of the complaints listed above. Order, *Fairholme Funds, Inc., et al. v. United States*, No. 13-465C, ECF No. 396. Thereafter, on April 24, 2018, the Court coordinated the briefing of those seven complaints with five more filed after the Court had set the schedule. The schedule for briefing was, thereafter, modified on June 21, 2018. Order, *Fairholme Funds, Inc., et al. v. United States*, No. 13-465C, ECF No. 408. The Government filed its initial omnibus motion to dismiss on August 1, 2018, and an amended motion on October 1, 2018. *See* Def. Amended Omnibus Motion To Dismiss, *Fairholme Funds, Inc., et al. v. United States*, No. 13-465C, ECF No. 421.

On August 15, 2018, Perry Capital filed its complaint in this action, and the Government's response to the complaint is currently due on October 15, 2018. In its complaint, Perry Capital raises claims, including Fifth Amendment taking, illegal exaction, and breach of fiduciary duty and contract, similar to those addressed in the Government's omnibus motion to dismiss.

## **THE COURT SHOULD ENTER A STAY OF PROCEEDINGS IN THIS CASE**

The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The "court's discretion to stay its proceedings is broad and well established." *Farmer v. United States*, 132 Fed. Cl. 343, 345 (2017) (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1426 (Fed. Cir. 1997) ("The power of a federal trial court to stay its proceedings, even for an indefinite period of time, is beyond question.")). In deciding whether to stay proceedings, "a court must exercise its judgment by considering the most orderly course of justice and the interests of the parties, weighing any competing interests." *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) (citing *Landis*, 299 U.S. at 255). "The orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof and questions of law which could be expected to result from a stay.'" *Id.* (citing *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962)).

In its omnibus motion to dismiss, the Government seeks dismissal of the cases that were subject to coordinated briefing. Because Perry Capital raised similar claims in its complaint, if the Court grants the Government's motion to dismiss the cases involved in the coordinated briefing, Perry Capital's complaint may be made moot or otherwise impacted such that further litigation will either not be necessary or will be more efficiently disposed of in light of the court's ruling on the motion to dismiss. Likewise, if the Court denies the Government's motion to dismiss, that may moot out or otherwise impact any motion to dismiss briefing on the claims in the complaint here. Should the Court deny the Government's motion to dismiss, the parties will meet and confer on a briefing schedule. The parties respectfully submit that a stay will

result in the most efficient use of the parties' resources.  The process will preserve the *status quo* while not prejudicing either plaintiff's right to litigate its claims at the appropriate time, or the Government's right to oppose such claims.  *See Farmer*, 132 Fed. Cl. at 345 (granting a motion for stay where it would serve the valuable purpose of preserving the resources of the parties and the Court).

## **CONCLUSION**

For the foregoing reasons, the Court should grant the parties' joint motion for a stay of proceedings pending the resolution of the Government's omnibus motion to dismiss the cases covered by the coordinated briefing procedure

.Respectfully submitted,

| | |
|---|---|
| John W.F. Chesley<br>   *Counsel of Record*<br><br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>Tel:  (202) 955-8500<br>Fax:  (202) 530-9651<br>jchesley@gibsondunn.com<br><br>*Of Counsel*:<br>Matthew D. McGill<br>Christopher B. Leach<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br><br>Attorneys for Plaintiff *Perry Capital LLC* | JOSEPH H. HUNT<br>Assistant Attorney General<br><br>s/ Robert E. Kirschman, Jr.<br>ROBERT E. KIRSCHMAN, JR.<br>Director<br><br>s/ Kenneth M. Dintzer<br>KENNETH M. DINTZER<br>Deputy Director<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone:   (202) 616-0385<br>Facsimile: (202) 307-0973<br>Email:   Kenneth.Dintzer@usdoj.gov<br><br>Attorneys for Defendant |

October 5, 2018